UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAWN C.,

               Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____

23-CV-00689-MJR

DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.  (Dkt. No. 22)

Plaintiff Dawn C.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act").  Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the following reasons, Plaintiff's motion (Dkt. No. 13) is granted, and defendant's motion (Dkt. No. 15) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

On March 3, 2017, Plaintiff applied for DIB, alleging disability beginning on March 3, 2017. (Administrative Transcript ["Tr."] 2 82, 172-73). Her application was denied initially on June 9, 2017, and she subsequently requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 93-98, 101-02). On October 1, 2018, Plaintiff appeared with counsel for a hearing before an ALJ. (Tr. 46-79). On January 30, 2019, the ALJ issued a decision denying Plaintiff's claim. (Tr. 7-24, duplicate at 567-84). Plaintiff requested review of the ALJ's decision, and the Appeals Council (AC") denied review on May 5, 2020. (Tr. 1-6, duplicate at 585-90).

Plaintiff then appealed to this Court on July 6, 2020, and on January 27, 2022, this Court remanded the case for further administrative proceedings. *See* 1:20-cv-840-DB ("Judge Bush's Remand Order"). Pursuant to Judge Bush's Remand Order, the AC vacated the Commissioner's January 2019 decision and remanded the case to an ALJ on April 16, 2022. (Tr. 591-95, duplicate at 596-600). The AC instructed that the ALJ adjudicate the period prior to January 31, 2019, because Plaintiff was found disabled as of January 31, 2019, on a subsequent Title II claim filed on June 22, 2022. (Tr. 593-94, duplicate at 598-99).

On February 27, 2023, Plaintiff appeared with counsel for her second hearing before an ALJ. (Tr. 543-66). This ALJ issued a decision on March 15, 2023, denying Plaintiff's claim for the closed period of March 3, 2017 through January 30, 2019. (Tr. 516-42). Plaintiff appealed the ALJ's decision directly to this Court on July 14, 2023.

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

## DISCUSSION

I.    *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act,

the Commissioner's factual determinations "shall be conclusive" so long as they are

"supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such

relevant evidence as a reasonable mind might accept as adequate to support [the]

conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks

and citation omitted).  "The substantial evidence test applies not only to findings on basic

evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v.

Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision

rests on adequate findings supported by evidence having rational probative force," the

Court may "not substitute [its] judgment for that of the Commissioner."  *Veino v. Barnhart*,

312 F.3d 578, 586 (2d Cir. 2002).  Thus, the Court's task is to ask "'whether the record,

read as a whole, yields such evidence as would allow a reasonable mind to accept the

conclusions reached' by the Commissioner."  *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574

(W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review.  The first is that "[i]t is

the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to

appraise the credibility of witnesses, including the claimant."  *Carroll v. Sec'y of Health &

Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).  The second rule is that "[g]enuine

conflicts in the medical evidence are for the Commissioner to resolve."  *Veino*, 312 F.3d

at 588.  While the applicable standard of review is deferential, this does not mean that the

Commissioner's decision is presumptively correct.  The Commissioner's decision is, as

described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence.  Further, the Commissioner's factual conclusions must be applied to the correct legal standard.  *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).  Failure to apply the correct legal standard is reversible error.  *Id.*

II.    <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  *Id.* §§423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience."  *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process."  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).  First, the Commissioner determines whether the claimant is "working" and

whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b).  If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b).  Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c).  To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c).  As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] RFC based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's

RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

Following the five-step sequential analysis, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of March 3, 2017 through January 30, 2019 ("the relevant period"). (Tr. 521). At step two, the ALJ found that, during the relevant period, Plaintiff had the following severe impairments: fibromyalgia; lumbar spine disorder; cervical spine disorder; and obesity. (Tr. 522). At step three, the ALJ found that Plaintiff's impairments, considered singly and in

combination, did not meet any of the listed impairments set forth in Appendix 1 of 20 C.F.R. Part 404, Subpart P. (Tr. 524-25). The ALJ next found that during the relevant period, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she could: occasionally lift/carry twenty pounds and frequently lift/carry ten pounds; sit for six hours; stand for four hours; walk for four hours; push/pull as much as she could lift/carry; frequently operate foot controls bilaterally; frequently reach overhead bilaterally; occasionally climb ladders, ropes, scaffolds, ramps and stairs; never work at unprotected heights; frequently work with moving mechanical parts; frequently operate a motor vehicle; and frequently stoop, kneel, crouch, and crawl. (Tr.525-35).

At step four, the ALJ determined that, during the relevant period, Plaintiff could return to her past relevant work. (Tr. 535). The ALJ also found, alternatively, at step five, that Plaintiff could perform jobs existing in significant numbers in the national economy. (Tr. 535-37). Thus, the ALJ concluded that, during the relevant period, Plaintiff was not disabled under the Act. (Tr. 537).

IV.    *Plaintiff's Challenge*

Plaintiff argues that the case must be remanded, because the ALJ failed to follow Judge Bush's Remand Order. The Court agrees.

First, the Court is uncertain that the ALJ ever possessed and read Judge Bush's Remand Order. Judge Bush's Remand Order was not included in the administrative record. In its remand order, the AC mentions that the case was remanded by Judge Bush, but does not quote or summarize any portion of Judge Bush's Remand Order and instead, simply remands the case to the ALJ for further proceedings to adjudicate the

period prior to January 31, 2019. (Tr. 593). The ALJ, in boilerplate language in her decision, mentions Judge Bush's Remand Order and the AC's direction for her to adjudicate the period prior to January 31, 2019. (Tr. 519). However, she did not cite or quote any portion of Judge Bush's Remand Order.

Second, in his Remand Order, Judge Bush directed the ALJ to "develop the record as necessary **to obtain opinions** as to Plaintiff's functional limitations from treating and/or examining sources, obtain a consultative physical examination and/or a medical expert review, and/or obtain a functional capacity evaluation." (Judge Bush's Remand Order at 11, emphases added). Thus, Judge Bush ordered that the ALJ obtain multiple new opinions regarding Plaintiff's functional limitations. Instead, the ALJ sought only one opinion from nonexamining medical expert William Biles, M.D. The ALJ did not seek further opinions from Plaintiff's treating physicians or obtain a new consultative examination of Plaintiff.

Third, the ALJ gave the opinion of Dr. Biles only "partial weight" because Dr. Biles failed to consider the functional limitations of Plaintiff's fibromyalgia in his function-by-function RFC opinion:

> The undersigned gives this opinion partial weight. Dr. Biles noted lumbar disc disease, obesity, hypertension, and myalgia but **indicated the evidence does not support a diagnosis of fibromyalgia** (Exhibit 17F, page 2) [Tr. 748]. However, a May 23, 2017 consultative examination report indicated that on exam, the claimant had trigger points for fibromyalgia in the occipital area bilaterally, shoulders bilaterally, greater trochanteric region, and knees bilaterally (Exhibit 7F) [Tr. 362]. The **undersigned finds sufficient evidence to establish a medically determinable impairment of fibromyalgia**.

(Tr. 531, emphases added).

As stated above, the ALJ found Plaintiff's fibromyalgia to be a severe impairment. (Tr. 522). Under 20 C.F.R. §§ 404.1520(c) and 416.920(c), a severe impairment is "any

impairment or combination of impairments which **significantly** *limits your physical or mental ability to do basic work activities.*" (emphases added). "Persons afflicted with fibromyalgia may experience **severe and unremitting musculoskeletal pain, accompanied by stiffness and fatigue** due to sleep disturbances, yet have normal physical examinations." *Kimberly Marie R. v. Comm'r of Soc. Sec.*, 6:21-cv-775-CFH, 2022 U.S. Dist. LEXIS 105629, at *9 (N.D.N.Y. June 14, 2022) (emphasis added).

With regard to Plaintiff's fingering limitations, which appear to be determinative of Plaintiff's claim, it is difficult for the Court to understand or appreciate the relationship, if any, between fibromyalgia and fingering limitations based on this record. Plaintiff's treating physician, Dr. Thomas J. Madejski, M.D., and the Commissioner's own consultative examiner, Dr. Harbinder Toor, M.D., – both of whom diagnosed and considered fibromyalgia in their opinions – both opined fingering limitations. (Tr. 529-30). Nonetheless, the ALJ accepted Dr. Biles' opinion of no fingering limitations (Tr. 754), despite the fact that Dr. Biles opined that Plaintiff does not suffer from fibromyalgia.

Fourth, SSR 12-2p states that an opinion based solely on a review of medical reports, such as that of Dr. Biles, is insufficient for an evaluation of fibromyalgia. It states that:

> Generally, a person can establish that he or she has an MDI of FM by providing evidence from an acceptable medical source. A licensed physician (a medical or osteopathic doctor) is the only acceptable medical source who can provide such evidence. **We cannot rely upon the physician's diagnosis alone**. The evidence **must document that the physician reviewed the person's medical history and conducted a physical exam**.

SSR 12-2p, 2012 SSR LEXIS 1, *3, 2012 WL 3104869, at *2 (July 25, 2012) (emphases added). Thus, Dr. Biles opinion that Plaintiff does not have fibromyalgia (and by extension his opinion on functional limitations) must be rejected because it was based solely on a

record review.  Once the ALJ recognized that Dr. Biles was opining that Plaintiff does not suffer from fibromyalgia, she should have obtained additional medical opinion evidence or followed up with Dr. Madejski and Dr. Toor.

Fifth, because Plaintiff's application was filed on March 3, 2017, the treating physician rule applies in this case.  20 C.F.R. § 404.1527.  Plaintiff's treating physician, Dr. Madejski, diagnosed Plaintiff with fibromyalgia and other physical impairments, including limitations in fingering.  (Tr. 388-90).  In addition, Dr. Madejski's opinion regarding fibromyalgia and fingering is consistent with the opinion of the Commissioner's own consultative examiner, Dr. Toor, who also diagnosed fibromyalgia and fingering limitations. (Tr. 362).

In conclusion, for the reasons stated above, the Court remands this case to the Commissioner for further proceedings to develop the record by recontacting Drs. Madejski and Toor, or, in the alternative, to obtain the services of a medical expert in rheumatology and fibromyalgia to review the entire medical record to assess Plaintiff's function-by-function physical limitations.[3]

---

[3] The Court notes that Dr. Biles indicated that his medical specialty is internal medicine.  (Tr. 757).  It is not clear to the Court that an internal medicine doctor would be the correct specialist to render an expert opinion regarding fibromyalgia.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is granted and defendant's motion for judgment on the pleadings (Dkt. No.15) is denied.  The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      March 3, 2026
            Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

- 11 -